■ RALPH J. BALDUCCI, Doing Business as BALDUCCI REAL ESTATE, Appellant, v. NATIONAL UNION ELECTRIC CORPORATION et al., Respondents, et al., Defendants.— Appeals (1) from orders of the Supreme Court at Special Term,

entered February 26, 1974 and March 8, 1974 in Madison County, which granted motions by the defendants for summary judgment dismissing the actions, and (2) from the judgments entered thereon. In this action the plaintiff, a lawyer and real estate broker, alleged four causes of action against various defendants. Three of the causes of action are fundamentally based upon the plaintiff's contention that he was a real estate broker representing the owners of certain premises in a proposed sale to defendant Norman Hancock. In this regard, the record established that the property had never been "listed" with the plaintiff for sale and the undisputed facts support the sole conclusion that when the plaintiff submitted an offer to the owner of the premises, he was acting only on behalf of the prospective purchaser. The entire contacts of plaintiff with the owner of the premises herein do not establish any basis for an implied agency relationship with the owner. (Cf. *Hevia* v. *Wheelock*, 155 App. Div. 387, 389, 390.) Accordingly, upon the motion for summary judgment the plaintiff's first two causes of action for commission from the owner of the premises were without any foundation and were properly dismissed. The plaintiff's third cause of action alleges a conspiracy by the owner and prospective purchaser to deny his commission while nevertheless consummating a sale of the property between them. As noted hereinabove, the sole evidence is that plaintiff was employed by the prospective purchaser to negotiate for a sale. However, the same evidence conclusively establishes that the plaintiff *was not to look to such purchaser for any commissions*. Under such circumstances, there could be no conspiracy which would result in a denial of commissions by action on the part of the owner and seller or their representatives. (Cf. *Adams & Co. Real Estate* v. *E. & B. Super Markets*, 26 A D 2d 365.) It is to be noted that the offer made by plaintiff on behalf of the prospective purchaser was rejected by the owner. The fourth cause of action for defamation was properly dismissed by Special Term. Orders and judgments affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.