■ WILLIAM T. BELL & ASSOCIATES, L. L. P., Respondent, v PYRAMID BROKERAGE COMPANY, INC., Appellant. (Appeal No. 2.) [721 NYS2d 893] —Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting plaintiff's motion seeking summary judgment. The parties are real estate brokerage firms that agreed to co-broke a lease commission. Plaintiff commenced the present action alleging that defendant breached the co-brokerage agreement by failing to pay plaintiff its share of the commission. Defendant contends that it is not obligated under the parties' agreement to make that payment until it receives payment of the lease commission from its principal. We agree.

"Technical words in a contract must be taken in a technical sense unless the context of the instrument or a usage which is applicable clearly indicates a different meaning" (*Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 198, *rearg denied* 287 NY 630). The essence of the parties' agreement was "to co-broke the lease commission." When used by real estate brokers, that expression means "to split" the commission (*see generally*, Real Property Law § 442). A commission, however, cannot be split until it is received. Thus, "a real estate broker's duty to share a commission pursuant to a cobrokerage agreement does not mature until actual receipt of the commission by the primary broker" (*Sven Salen AB v Pierot, Jr. & Sons*, 559 F Supp 503, 506, *affd* 738 F2d 419; *see, White v Robinson*, 153 App Div 776, 777; Annotation, *Construction of Agreement Between Real-Estate Agents To Share Commissions*, 71 ALR3d 586, § 7 [a]). "Before liability can arise on a promise qualified by conditions expressed or implied in fact, those conditions must be fulfilled" (22 NY Jur 2d Contracts, § 324, at 422). (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Wisner, J. P., Scudder, Kehoe and Burns, JJ.