*776 OPINION OF THE COURT
Memorandum.
Plaintiff, a licensed real estate broker and member of the Multiple Listing Service (MLS), instituted this action to recover its share of a commission allegedly due as the result of a sale of defendants’ premises. Plaintiff alleged that it was the procuring cause of the sale as it was instrumental in creating an amicable atmosphere in which negotiations proceeded and/or generated a chain of circumstances that proximately led to the sale (see, Buck v Cimino, 243 AD2d 681, lv denied 91 NY2d 807). Plaintiff showed the premises to the ultimate purchasers who shortly thereafter entered into negotiations through the MLS listing broker. Defendants paid the entire commission due in accordance with the MLS agreement to the listing broker.
In order to state a direct claim for a commission, a broker must establish: (1) that it was duly licensed; (2) that it had a contract, express or implied, with the party charged with paying the commission; and (3) that it was the procuring cause of the sale (see, Greene v Hellman, 51 NY2d 197; Buck v Cimino, supra; see also, Sibbald v Bethlehem Iron Co., 83 NY 378). In the case at bar, plaintiff failed to establish that it had a contract, either express or implied, with defendants. Defendants’ sole agreement was with the listing broker. Said agreement allowed the listing broker to appoint other MLS member brokers as “Broker’s Agents” to assist in the sale of the premises. In addition, the MLS listing agreement was “An Exclusive Right To Sell” which required defendants to pay the listing broker “one total commission in the amount of 6%.” The agreement further provided that a sale by a broker who is the agent of the listing broker shall be a sale brought about by the listing broker. In view of the foregoing, it is apparent that plaintiff was acting as the “Broker’s Agent” when it showed defendants’ premises to the ultimate purchasers. Thus, plaintiffs claim for compensation due as a result of its efforts does not lie against the sellers.
Floyd, P.J., Doyle and Winick, JJ., concur.