EDWARD GRAHAM et al., Appellants, v HARRIS CORPORATION et al., Respondents, et al., Defendants. (And a Third-Party Action.) [734 NYS2d 448] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered November 9, 2000, which granted the motions of defendants Bruno Machinery Corporation, Harris Intertype Corporation and Harris Corporation for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

As plaintiffs conceded in the motion court, the acquisition by defendants-respondents of certain corporate assets of the now defunct manufacturer of the allegedly tortious machine at issue did not fall within any of the four recognized exceptions to the rule barring successor liability for tort claims (see, Schumacher v Richards Shear Co., 59 NY2d 239, 245). Plaintiffs' belated argument that there was an assumption of liability for the tort at issue is belied by the unequivocal language of the corporate purchase and related agreements. We decline to

adopt the "product line" theory as a basis for successor liability, for the reasons stated in *City of New York v Pfizer & Co.* (260 AD2d 174). Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.