■ RICHARD J. TIMONEY, Appellant, v NEWMARK & COMPANY REAL ESTATE, INC., Respondent. RELATED COMPANIES, INC., et al., Nonparty Respondents. [750 NYS2d 271] —Orders, Supreme Court, New York County (Helen Freedman, J.), entered May 30, 2001, which granted the motion of defendant for summary judgment dismissing the complaint and the motion of nonparties the Related Companies, Inc. and Apollo Real Estate Advisors to quash plaintiff's subpoenas, unanimously affirmed, with costs. The matter is remanded for a hearing to determine the amount of legal fees and costs plaintiff should pay defendant pursuant to 22 NYCRR 130-1.1 and for entry of judgment in that amount.

The agreement between plaintiff and defendant plainly provides that plaintiff is not entitled to 10% of defendant's commission until defendant actually receives the commission. Defendant presented undisputed evidence that, to date, it has not received a commission. The only cause of action alleged in the amended complaint is breach of contract. Hence, the IAS court properly granted defendant's motion for summary judgment dismissing the complaint (*see generally White v Robinson*, 153 App Div 776, 777; *William T. Bell & Assoc., L.L.P. v Pyramid Brokerage Co.*, 281 AD2d 943).

Since the complaint was properly dismissed, plaintiff's subpoenas were properly quashed. In addition, plaintiff's subpoenas, which requested only documents, were procedurally defective. The correct procedure for requesting documents from a nonparty is set forth in CPLR 3120 (b), and a party cannot avoid this procedure by serving a subpoena (*see Matter of Beiny*, 129 AD2d 126, 132, *lv dismissed* 71 NY2d 994).

We find plaintiff's appeal to be frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) because, in light the language of

the parties' contract and the applicable law as set forth in *White* (*supra*) *Bell* (*supra*) and *Beiny* (*supra*), there is no arguable merit to plaintiff's numerous appellate arguments which "are rife with speculation and innuendo seeking merely to obscure the real issue[s] in the case" (*Hypo Holdings v Chalasani*, 280 AD2d 386, 387, *lv denied* 96 NY2d 717). Nor, indeed, does it appear that there has ever been any arguable merit to plaintiff's claim under the parties' contract.

In addition, we find plaintiff's conduct of this litigation frivolous within the meaning of 22 NYCRR 130-1.1 (c) (2). When plaintiff originally sued defendant, defendant sent plaintiff's counsel information showing that plaintiff had no claim. Defendant also arranged a meeting with various witnesses at plaintiff's counsel's request. When plaintiff, represented by his second set of lawyers, brought his amended complaint, defendant permitted plaintiff's counsel to inspect its files and depose two witnesses. Instead of responding to defendant's request that plaintiff drop the case, plaintiff's second counsel, although aware that defendant's general counsel was on maternity leave, elected to serve subpoenas on nonparties. Finally, after having his patently meritless claims rejected by the motion court, plaintiff, now represented by his third set of lawyers, persisted in pressing his meritless claims by pursuing the instant appeal.

"[T]he proper use of sanctions is a desirable and appropriate way to discourage abusive litigation tactics" (*Watson v City of New York*, 178 AD2d 126, 128). We, accordingly, remand for a hearing to determine defendant's reasonable attorneys' fees and costs in defending this action. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.