■ RE/MAX HOMES AND ESTATES, INC., Appellant, v IVAN LEIST et al., Respondents. [764 NYS2d 107] —In an action to recover a real estate brokerage commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered July 5, 2002, which granted that branch of the motion of the defendant Brigitte Green Realty Corp. which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff, a real estate broker, procured proposed purchasers for the sellers' home. When the sellers sold the home to someone else, the plaintiff brought this action against the sellers and the listing broker, seeking a real estate broker's commission, based on the allegation that it had procured a

ready, willing, and able purchaser. The listing broker moved, inter alia, to dismiss the complaint on the ground that the complaint failed to state a cause of action. The Supreme Court granted that branch of the motion, finding that there was no liability to the plaintiff for a brokerage commission because the sellers had not executed the proposed contract of sale with the proposed purchasers procured by the plaintiff.

We disagree with the Supreme Court's conclusion that the lack of a fully executed contract of sale is fatal to the plaintiff's cause of action to recover a brokerage commission (see Realty Invs. of USA v Bhaidaswala, 254 AD2d 603 [1998]; Brenhouse v Shah Realty Corp., 271 AD2d 468 [2000]; Mecox Realty Corp. v Rose, 202 AD2d 404 [1994]). In this case, the plaintiff alleged that it procured purchasers who were ready, willing, and able to buy the sellers' house, on the sellers' terms.

Nevertheless, we affirm the order dismissing the complaint, on other grounds. The plaintiff had no cause of action against the sellers, because it had no contract, express or implied, with them. Rather, the sellers' sole contract was with the listing broker. The plaintiff's claim for compensation for its efforts, therefore, does not lie against the sellers (see Matherson & Assoc. v Calderone, 190 Misc 2d 775 [2001]). In addition, the complaint was properly dismissed insofar as asserted against the listing broker, since it does not demand any relief from that party. Luciano, J.P., Adams, Townes and Rivera, JJ., concur.