■ JOSEPH FISCHER, Appellant, v RWSP REALTY, LLC, Doing Business as PRUDENTIAL RAND REALTY, et al., Defendants, and MICHAEL B. DOYLE et al., Respondents. [798 NYS2d 72]—

In an action to recover a real estate broker's commission, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated August 5, 2004, which granted the motion of the defendants Michael B. Doyle and Dolores Doyle for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated October 25, 2004, which denied the plaintiff's motion denominated as a motion for leave to renew and reargue, but which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from the order dated October 25, 2004, is dismissed; and it is further,

Ordered that the order dated August 5, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff's motion, denominated as one for leave to renew and reargue a prior motion, was not based on new evidence that was unavailable to him at the time of the original motion. Therefore, the motion was, in actuality, one for leave to reargue, the denial of which is not appealable (*see Ruddock v Boland Rentals,* 5 AD3d 368 [2004]; *EMC Mtge. Corp. v Stewart,* 2 AD3d 772 [2003]).

The plaintiff, a licensed real estate broker, commenced this action to recover his share of a commission allegedly due as the result of a sale of a residence owned by the defendants Michael B. Doyle and Dolores Doyle. The plaintiff alleged that although he had procured the purchaser for the Doyles' residence, they paid the entire commission to the defendant RWSP Realty, LLC, doing business as Prudential Rand Realty (hereinafter Pruden-

tial), the listing broker. The Supreme Court granted the Doyles' motion for summary judgment dismissing the complaint insofar as asserted against them, finding that the contract of sale required them to pay the commission to Prudential. We affirm, but on different grounds.

The plaintiff failed to establish that it had a contract, either express or implied, with the Doyles. The Doyles' sole brokerage contract was an exclusive right to sell listing agreement with Prudential. Thus, the plaintiff's claim for compensation "does not lie against the [Doyles]" (see Re/Max Homes & Estates v Leist, 308 AD2d 439, 440 [2003]; Geoffrey S. Matherson & Assoc. v Calderone, 190 Misc 2d 775 [2001]). Moreover, the plaintiff failed to demonstrate that he was a third-party beneficiary of the listing agreement between Prudential and the Doyles (see Artwear, Inc. v Hughes, 202 AD2d 76 [1994]). Finally, Real Property Law § 442 did not prevent Prudential from sharing its commission with the defendant Dolores Doyle, a licensed real estate sales person at the time of the transaction (see Liuzzi v Nigro, 109 Misc 2d 526 [1981]). Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.