■ Hector Fernandez et al., Appellants, v HICO Corporation, Defendant, and Refuse Systems Corporation, Respondent. (And a Third-Party Action.) [804 NYS2d 246]—

Order, Supreme Court, New York County (Betty Owen Stinson, J.), entered July 1, 2004, which, in an action for personal injuries caused by an allegedly defective product manufactured and sold by defendant-respondent's predecessor to plaintiff's employer, granted respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In a separate order, same court and Justice, entered June 30, 2004, plaintiffs' motion for further disclosure and for leave to amend the complaint was denied. The July 1 order relies on the June 30 order in dismissing the complaint as against respondent. With respect to plaintiffs' request for further disclosure, the motion court properly rejected their "vague arguments" that further disclosure might uncover evidence raising an issue

as to the applicability of one of the exceptions to the general rule that a purchaser of corporate assets, such as respondent, does not assume the tort liabilities of its predecessor (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 245 [1983]). Plaintiffs' request for leave to amend the complaint so as to assert a cause of action for failure to warn as against respondent was properly denied for failure to submit a copy of the proposed pleading with their motion (*see Abbott v Herzfeld & Rubin*, 202 AD2d 351, 352 [1994], *lv dismissed in part and denied in part* 83 NY2d 995 [1994]). Concur—Tom, J.P., Saxe, Gonzalez and Malone, JJ.