■ DAVID BERRY, Doing Business as DAVID BERRY REALTY, Appellant, v KEITH TILLEY et al., Respondents. [838 NYS2d 647]—

In an action to recover real estate brokerage fees pursuant to an alleged oral agreement, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated July 24, 2006, which granted that branch of the motion of the defendants Keith Tilley and Nancy Tilley which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, and granted the separate motion of the defendant Realty Executives-William Sykes Realty pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff, a licensed real estate broker, commenced this action to recover brokerage fees on an unconsummated sale of property owned by the defendants Keith Tilley and Nancy Tilley (hereinafter collectively the Tilleys). The defendant Realty Executives-William Sykes Realty (hereinafter Sykes Realty) was the listing broker. The plaintiff alleged, inter alia, that Sykes Realty breached an oral agreement to share its commission if he procured buyers for the property by a specified date. The Supreme Court dismissed the complaint as against both the Tilleys and Sykes Realty pursuant to CPLR 3211 (a) (1) and (7). We affirm.

The documentary evidence refutes the plaintiff's factual allegation that there was a meeting of the minds with respect to all of the essential terms of the sale (*see Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]; *Hampton Country Real Estate v Rizzo*, 305 AD2d 458 [2003]). In addition, as to the Tilleys, even taking the facts alleged by the plaintiff as true, and giving the pleadings a liberal construction and according the plaintiff the benefit of every possible favorable inference, the plaintiff did not allege a contractual relationship with the Tilleys, express or implied (*see Fischer v RWSP Realty, LLC*, 19 AD3d 540 [2005]; *Re/Max Homes & Estates v Leist*, 308 AD2d 439 [2003]). Thus, both the Tilleys and Sykes Realty were entitled to dismissal of the complaint insofar as asserted against them. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.