■ RWSP Realty, LLC, Doing Business as Prudential Rand Realty, Respondent, v John C. Agusta et al., Appellants. [840 NYS2d 608]—

In an action to recover a real estate brokerage commission, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 7, 2007, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) are granted.

The plaintiff, a real estate broker, alleged that while acting as a "buyer's agent," it procured a ready, willing, and able buyer for a residence owned by the defendants. The plaintiff com-

menced this action against the defendants seeking a real estate broker's commission based upon the terms and conditions of an exclusive right-to-sell agreement between the defendants and the nonparty listing broker. The defendants moved, inter alia, to dismiss the complaint on the ground that, based upon documentary evidence, the complaint failed to state a cause of action. The Supreme Court found that the listing agreement did not conclusively establish a defense to the claims asserted and that the complaint set forth a cognizable legal theory. We disagree.

The plaintiff, a buyer's agent, had no cause of action against the defendants because it had no contract, express or implied, with them (*see Fischer v RWSP Realty, LLC*, 19 AD3d 540 [2005]; Real Property Law § 443 [1] [c]). Rather, the defendants' sole contract was with the listing broker. The plaintiff's claim for compensation for its efforts, therefore does not lie against the defendants (*see Fischer v RWSP Realty, LLC, supra; Re/Max Homes & Estates v Leist*, 308 AD2d 439, 440 [2003]; *Geoffrey S. Matherson & Assoc. v Calderone*, 190 Misc 2d 775 [2001]).

Accordingly, the Supreme Court erred in denying those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.