■ ERIC VALDINA, Appellant, v PATRICIA MARTIN et al., Respondents. [849 NYS2d 364]—

Cardona, P.J. Appeal from an order of the Supreme Court (Hummel, J.), entered November 22, 2006 in Columbia County, which, among other things, granted defendants' cross motions for summary judgment dismissing the complaint.

Defendants Patricia Martin and Joan Mackey (hereinafter collectively referred to as the sellers) entered into an exclusive right-to-sell listing agreement with defendant Old Ghent Realty for the sale of their property in the Town of Kinderhook, Co-

lumbia County. Pursuant to the listing agreement, the sellers agreed, among other things, to pay Old Ghent Realty a commission of 6% of the sale price if the "sale or exchange of [such] property is made or effected or agreed upon." Plaintiff, an independent licensed real estate broker, produced buyers who offered $750,000 for the property. The sellers agreed to the offer and, on September 28, 2001, the sellers and buyers signed a binder agreement prepared by plaintiff, which contained certain contingencies requiring "formal contracts" and various inspections. In October 2001, the sellers' attorney drafted a contract which was signed by the buyers and returned with an initial down payment. Prior to executing that document, the sellers decided not to sell the property and returned the down payment.

Plaintiff then commenced this action alleging that he is entitled to a commission of $22,500 (half of the 6% commission on the purchase price of $750,000) having procured ready, willing and able buyers for the property. Following joinder of issue, plaintiff moved for summary judgment and the sellers and Old Ghent Realty, separately, cross-moved for summary judgment dismissing the complaint. Supreme Court granted the cross motions and this appeal by plaintiff ensued.

We affirm. Even viewing the evidence in a light most favorable to plaintiff as the nonmoving party, the record fails to establish any contractual privity, expressed or implied, between plaintiff and the sellers (see *RWSP Realty, LLC v Agusta*, 42 AD3d 490, 491 [2007]; *Balducci v National Union Elec. Corp.*, 46 AD2d 834, 835 [1974]). Rather, the sellers' listing agreement was with Old Ghent Realty and, according to the terms of such contract, they were obligated to pay the 6% commission only to Old Ghent Realty. "[P]laintiff's claim for compensation for its efforts, therefore, does not lie against the sellers" (*Re/Max Homes & Estates v Leist*, 308 AD2d 439, 440 [2003], citing *Geoffrey S. Matherson & Assoc. v Calderone*, 190 Misc 2d 775 [2001]; see *RWSP Realty, LLC v Agusta*, 42 AD3d at 491; *Fischer v RWSP Realty, LLC*, 19 AD3d 540, 541 [2005]).

Similarly, we find that Supreme Court properly granted Old Ghent Realty's cross motion for summary judgment. "[I]n order to entitle one broker to receive from another broker on an agreement to divide commissions on the sale of real property, the commission must have been actually received by the broker whom it is sought to charge with liability" (*White v Douglas Robinson, Charles S. Brown Co.*, 153 App Div 776, 777 [1912]; see *William T. Bell & Assoc. v Pyramid Brokerage Co.*, 281 AD2d 943 [2001]). In support of its cross motion, Old Ghent Realty

presented unrefuted evidence that its practice was to split a commission with a selling broker such as plaintiff upon the completion of a sale and payment of the commission. In addition, only in rare instances does Old Ghent Realty pursue a commission from its client when a sale is not finalized. Here, even accepting plaintiff's assertion that he had an agreement with Old Ghent Realty to split the commission, no commission was received by Old Ghent Realty; thus, no liability to plaintiff exists (*see William T. Bell & Assoc. v Pyramid Brokerage Co.*, 281 AD2d at 943).

Plaintiff's remaining contentions have been reviewed and found to be without merit.

Spain, Carpinello, Kane and Malone, JJ., concur. Ordered that the order is affirmed, with one bill of costs.