JOSEPH SARACHEK et al., Appellants, v CHAIM FORTGANG et al., Respondents, et al., Defendants. [889 NYS2d 233]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 17, 2008, as granted the joint motion of the defendant Chaim Fortgang, and Silver Point Capital, L.P., Silver Point Europe, LLP, Silver Point Group, LLP, and Alvarez & Marsal Europe, Ltd., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the plaintiffs' contention, they failed to allege a contractual relationship with the defendants Chaim Fortgang, Silver Point Capital, L.P., Silver Point Europe, LLP, Silver Point Group, LLP, and Alvarez & Marsal Europe, Ltd. (hereinafter collectively the Silver Point defendants) (*see generally Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d

85, 104 [2009]; *Berry v Tilley,* 41 AD3d 628 [2007]). The plaintiffs' allegations that the Silver Point defendants purchased certain portions of debt owed by the defendants Galvex Capital, LLC, Galvex Holdings Limited, Galvex Estonia OU, Galvex Intertrade OU, Galvex Trade Limited, and Galvex Services OU (hereinafter collectively the Galvex defendants) was insufficient to state a cause of action that the Silver Point defendants assumed liability under an alleged preexisting finder's fee agreement between the plaintiffs and the Galvex defendants (*see generally Schumacher v Richards Shear Co.,* 59 NY2d 239 [1983]; *Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp.,* 22 AD3d 750 [2005]; *Washington Mut. Bank, F.A. v SIB Mtge. Corp.,* 21 AD3d 953 [2005]; *Fitzgerald v Fahnestock & Co.,* 286 AD2d 573 [2001]; *Ladenburg Thalmann & Co. v Tim's Amusements,* 275 AD2d 243 [2000]). Accordingly, the Supreme Court properly granted those branches of the motion of the Silver Point defendants which were to dismiss the plaintiffs' first and second causes of action to recover damages for breach of contract insofar as asserted against them.

Further, the Supreme Court properly granted that branch of the Silver Point defendants' motion which was to dismiss the cause of action to recover damages for unjust enrichment insofar as asserted against them (*see Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673, 676 [2000]). Additionally, the Supreme Court properly granted those branches of the motion which were to dismiss the causes of action to recover damages for tortious interference (*see Allerand, LLC v 233 E. 18th St. Co., L.L.C.,* 19 AD3d 275, 277-278 [2005]), breach of fiduciary duty (*see Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877, 879 [2006]), conversion (*see Selinger Enters., Inc. v Cassuto,* 50 AD3d 766, 768 [2008]), and promissory estoppel (*cf. Williams v Eason,* 49 AD3d 866, 868 [2008]) insofar as asserted against the Silver Point defendants.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.