■ EQUICREDIT CORPORATION OF AMERICA, Appellant, v KEITH CAMPBELL et al., Defendants, and RJ CARBONE BUILDING, INC., Respondent. [900 NYS2d 907]—

In an action to foreclose a mortgage, the plaintiff Equicredit Corporation of America appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated April 10, 2009, as granted that branch of the cross motion of the defendant RJ Carbone Building, Inc., which was for leave to serve and file a late answer, and deemed the proposed answer served.

Ordered that the order is affirmed insofar as appealed from, with costs.

This foreclosure action was commenced on or about March 9, 2007, by Nations Credit Financial Services Corp., the assignor of a mortgage and note currently held by the plaintiff, Equicredit Corporation of America, by the filing of a summons and complaint and notice of pendency on property located in Rockaway, Queens. The foreclosure action was commenced against, among others, the mortgagor, Keith Campbell, as well as other parties who may have had an interest in the property, including, inter alia, RJ Carbone Building, Inc. (hereinafter the defendant). Service was thereafter allegedly made upon the defendant on April 6, 2007, by the personal delivery of copies of the summons, complaint, and notice of pendency to the Secretary of State, pursuant to Business Corporation Law § 306. The defendant did not answer. On June 28, 2007, the defendant sold the property to nonparties Joseph Barbagallo and Brandy Watson.

The plaintiff moved for leave to enter a judgment of foreclosure and sale against the defendant, among others, based on the defendant's default in answering. The defendant opposed the motion and cross-moved, inter alia, for leave to serve and file a late answer. The plaintiff opposed the cross motion and contended that the defendant lacked standing to oppose the entry of a judgment of foreclosure and sale based on its transfer of title of the subject property to Barbagallo and Watson in June 2007.

The Supreme Court granted that branch of the defendant's cross motion which was for leave to serve and file an answer, and deemed the answer submitted with the cross motion to have been served. We affirm the order insofar as appealed from.

Under CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (see Buywise Holding, LLC v Harris, 31 AD3d 681, 683 [2006]; see also Loretto v Teleprompter Manhattan CATV Corp., 53 NY2d 124, 136 [1981], revd on other grounds 458 US 419 [1982]; Udell v Haas, 20 NY2d 862 [1967]). Here, since the Supreme Court did not direct that Barbagallo and Watson be substituted or joined in the action, the defendant was properly permitted to defend the action.

In order to excuse a default, "[a] defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer" (Ennis v Lema, 305 AD2d 632, 633 [2003]; see Nasca v Town of Brookhaven, 4 AD3d 462 [2004];

*Khanna v Premium Food & Sports Enter.*, 279 AD2d 508 [2001]). The defendant established that the alleged service upon it was defective and that the defective service constituted a reasonable excuse for its default, and demonstrated the existence of a meritorious defense pursuant to CPLR 213 (4). Based upon the foregoing, the Supreme Court providently exercised its discretion in granting that branch of the defendant's cross motion which sought leave to serve and file a late answer.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.