[10 NYS3d 382]

BETHPAGE FEDERAL CREDIT UNION, Plaintiff, v CYNTHIA FIORELLO, Also Known as CYNTHIA J. FIORELLO, et al., Defendants.

Supreme Court, Suffolk County, February 6, 2015

APPEARANCES OF COUNSEL

*Berkman, Henoch*, Garden City, for plaintiff.
*The Murray Law Group*, West Sayville, for Ralph Fiorello, Also Known as Ralph J. Fiorello, defendant.

## OPINION OF THE COURT

THOMAS F. WHELAN, J.

Ordered that this motion No. 002 by the plaintiff for an order confirming the report of the referee to compute and for the issuance of a judgment of foreclosure and sale is considered under RPAPL article 13 and is granted.

Ordered that the plaintiff shall, within three days of receipt of a copy of this order, serve a copy thereof upon Louis C. England, Esq., a previously appointed receiver of the subject premises, and upon the referee of sale appointed in the judgment of foreclosure and sale issued with this memo decision and order.

Ordered that the plaintiff and/or referee of sale are directed to ascertain, prior to advertising the sale of the premises as directed in the judgment issued with this memo decision and order, whether any other sale of the premises is pending or impending and report to the court with respect thereto.

In May of 2012, the plaintiff commenced this action to foreclose the lien of its first mortgage which was given to secure a $229,000 mortgage note, both of which are dated August 15, 2003. The plaintiff alleged that the obligor/mortgagor defendants stopped making the monthly installments due under the terms of the note and mortgage on May 1, 2011. The action was assigned to IAS Part 8 (Emerson, J.) following its release from the specialized mortgage settlement conference part of this court on January 30, 2013 after a conference of the type mandated by CPLR 3408 was conducted by quasi-judicial personnel assigned to such part. An order of reference upon the defaults in answering of all defendants served with process issued herein on October 28, 2013 pursuant to RPAPL 1321, without opposition. The action was assigned to this court on January 2, 2015 pursuant to an administrative reassignment of cases pending in IAS Part 8 and others.

Prior to the institution of this action, defendant Cynthia J. Fiorello commenced a divorce action against her husband, de-

fendant Ralph Fiorello. That action was concluded by entry of a judgment of divorce that was entered in April of 2012 which incorporated, without merger, the terms of the stipulation of settlement executed by them in December of 2011. The plaintiff wife moved for the appointment of a receiver in July of 2012, which motion was granted by short form order of December 13, 2012 (Collins, J.). A separate order appointing attorney, Louis C. England, Esq., receiver and authorizing him to sell the marital premises issued on January 29, 2013, presumably, pursuant to CPLR 5106.

By the instant motion, the plaintiff seeks confirmation of the report of the referee to compute and a judgment of foreclosure with, among other things, a direction for the public sale of the premises. Defendant, Ralph Fiorello, submitted an affirmation of counsel as opposition to the plaintiff's motion. Defense counsel therein claims that the invocation of this court's equity powers is appropriate in this action since defendant Fiorello has not been afforded a reasonable opportunity to resolve the issues raised herein by way of a loan modification or other settlement due, primarily, to the failure of his former wife and codefendant obligor/mortgagor to participate in meaningful ways in any such settlement. The plaintiff's reply papers challenge the opposition of defendant Ralph Fiorello on both procedural and substantive grounds.

The submissions of the parties reveal that the Fiorello defendants agreed to sell the marital residence under terms specified in article XII of their December 14, 2011 stipulation of settlement. While obligation for the payment of a second mortgage and certain other carrying charges on the marital residence was imposed upon the defendant husband, as he was awarded exclusive possession until the sale of such residence, neither he nor his wife were obliged to pay amounts owing to the plaintiff under the terms of its mortgage including those incurred by real estate tax levies. In essence, the defendant mortgagors memorialized in writing the continuation of their defaults in paying the monthly installments due the plaintiff for principal, interest, taxes, insurance and other escrow monies under the terms of the subject note and mortgage, which defaults in payment began in May of 2011. Because of an alleged failure on the part of defendant, Ralph Fiorello, to cooperate with the sale of the marital premises, his former wife moved for the appointment of a receiver to sell, which application was finally granted by the matrimonial court in January

of 2013. Nothing in the record available to the court on this motion demonstrates that the receiver so appointed qualified for his appointed fiduciary office by filing his oath, any bond required by the appointing court and the administrative filings mandated by 22 NYCRR part 36 (*see* CPLR 5106, 6402-6405). That which is clear is that the sale contemplated by the January 29, 2013 order of Justice Collins has not been conducted.

Mr. Fiorello, who continues to occupy the subject premises, now contends via an affirmation of his counsel that he was denied a meaningful settlement conference due to his wife's failure to participate in the settlement conference conducted in the specialized conference part on January 30, 2013. The court sustains the plaintiff's procedural challenges to the court's consideration of this claim on hearsay grounds. It further finds that the nuanced demand for a judicial directive requiring further settlement conferences is unsupported by CPLR 3408, as that rule mandates only that one settlement conference be held. While the court is authorized by rule to conduct further conferences in the exercise of its discretion (*see* 22 NYCRR 202.12-a), the facts of this case do not warrant further conferences. Even if it were otherwise, the vague allegations of a purported entitlement to a loan modification that are advanced in the affirmation of the defendant's counsel in opposition are unavailing (*see Citibank, N.A. v Barclay*, 124 AD3d 174 [1st Dept 2014]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9 [2d Dept 2013]; *Wells Fargo Bank, N.A. v Van Dyke*, 101 AD3d 638 [1st Dept 2012]).

Under these circumstances and others apparent from the record, including the fact that the defendant Ralph Fiorello is in default in answering, which default was fixed and determined in the order of reference issued herein on October 28, 2013, the court finds that said defendant's opposition is without merit (*see generally Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2d Dept 2014]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647 [2d Dept 2014]; *Schwartz v Reisman*, 112 AD3d 909 [2d Dept 2013]; *U.S. Bank N.A. v Gonzalez*, 99 AD3d 694, 694-695 [2d Dept 2012]; *McGee v Dunn*, 75 AD3d 624, 625 [2d Dept 2010]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2d Dept 2011]; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930 [2d Dept 2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2d Dept 2010]; *HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566 [2d Dept 2011]; *Equicredit Corp. of Am. v Campbell*, 73 AD3d 1119, 1120 [2d

Dept 2010]). The plaintiff is thus entitled to this court's confirmation of the report of the referee to compute which is attached to the moving papers.

The plaintiff is further entitled to the issuance of a judgment of foreclosure and sale. While the plaintiff's counsel suggests that the subject premises are subject to the jurisdiction of the matrimonial court which issued the postjudgment order directing the sale of the subject premises by a receiver as described above, no citation to any statutory or other legal authority is advanced in support of this contention. Indeed, the contrary appears more plausible following a consideration of the distinctions between the three types of receiverships for which the CPLR provides.* Unlike a CPLR article 64 temporary receiver, whose predominant duty is to "take and hold" the property that is the subject of the receivership during the pendency of an action so as to preserve it and protect against misappropriation, waste or other harmful dissipation, a CPLR 5106 postjudgment receiver's sole duty is to enforce the terms of the judgment with respect to such property, including any direction for its sale (*see* Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5228:4, C5106:1). The court thus concludes that its issuance of a judgment of foreclosure and sale containing directives for the sale of the premises is not interdicted by the prior, postjudgment enforcement receivership that arose out of the matrimonial action, particularly under the circumstances of the parties to both actions that have been made known to this court. Nevertheless, out of due deference to the prior order of the matrimonial court and with aim of avoiding inconsistent judicial mandates, the plaintiff and/or referee of sale are directed to ascertain, prior to advertising the sale of the premises as directed in the judgment issued herewith, whether any other sale of the premises is pending or impending and shall report to the court with respect thereto. The plaintiff is further directed to serve a copy of this order upon Louis C. England, Esq., the postjudgment receiver previously appointed in the

---

* A receivership is available to litigants in a matrimonial action under Domestic Relations Law § 243 but only to enforce payment obligations of maintenance, child support and/or counsel fees imposed in a judgment rendered in such action following the sequestration of money or other items of personalty belonging to the party in default of making such payments. This limited and highly specialized receivership is not implicated here.

matrimonial action, and upon the referee of sale named in the concurrently issued judgment of foreclosure and sale.