■ OORAH, INC., Doing Business as CUCUMBER COMMUNICATIONS, Appellant, v COVISTA COMMUNICATIONS, INC., Defendant, and BIRCH TELECOM, INC., Doing Business as BIRCH COMMUNICATIONS, Respondent. [30 NYS3d 626]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 26, 2014, which granted the motion of defendant Birch Telecom, Inc., doing business as Birch Communications, to dismiss the second amended complaint as against it pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

In 2004, plaintiff entered into an agreement with defendant Covista Communications, Inc., whereby Covista was supposed to pay it commissions. By a contract dated November 30, 2012,

and in a transaction that closed in March 2013, Birch Communications, Inc. purchased certain assets of Covista and related companies for $4 million.\* In the instant action, plaintiff seeks to hold Birch liable as Covista's successor.

In general, a corporation that acquires the assets of another is not liable for its predecessor's breaches of contract (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]; *Kretzmer v Firesafe Prods. Corp.*, 24 AD3d 158 [1st Dept 2005]). Exceptions exist where the corporation impliedly assumed its predecessor's liability, "there was a consolidation or merger of seller and purchaser" (*Schumacher*, 59 NY2d at 245), or "the transaction is entered into fraudulently to escape" the predecessor's obligations (*id.*).

The asset purchase agreement between Birch and Covista says that Birch is acquiring certain contracts listed on a schedule. The agreement between Covista and plaintiff is not on that schedule. Therefore, Birch did not impliedly assume Covista's obligations to plaintiff (*see Matter of TBA Global, LLC v Fidus Partners, LLC*, 132 AD3d 195, 197, 202 [1st Dept 2015]; *Graham v Harris Corp.*, 289 AD2d 138 [1st Dept 2001]; *City of New York v Pfizer & Co.*, 260 AD2d 174, 175 [1st Dept 1999]).

Continuity of ownership is an essential element of de facto merger (*see e.g. TBA Global*, 132 AD3d at 209-210)." [C]ontinuity of ownership . . . exists where the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation" (*Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [1st Dept 2005]). Plaintiff has not alleged this. The documentary evidence submitted by Birch shows that it paid cash for Covista's assets; hence, there was no continuity of ownership (*see e.g. id.*).

Plaintiff contends that it should be allowed discovery on de facto merger. However, it has not shown that discovery on continuity of ownership would be anything other than a fishing expedition (*see generally Fernandez v HICO Corp.*, 24 AD3d 110, 110-111 [1st Dept 2005]).

Assuming, arguendo, that concepts from the Debtor and

---

\* Counsel for defendant-respondent noted in the motion below and in its brief to this court that plaintiff sued only Birch Telecom, Inc., a Delaware corporation, which is a wholly owned subsidiary of Birch Communications, Inc., a Georgia corporation that entered into the asset purchase agreement with Covista. Accordingly, Birch Telecom, Inc., could have moved to dismiss on the basis that plaintiff sued the wrong party. However, since counsel did not raise this issue on its motion to dismiss, the court will deem it waived, and will refer to both entities as Birch.

Creditor Law should be imported into the fraud prong of successor liability (*see e.g. Staudinger+Franke GMBH v Casey*, 2015 WL 3561409, \*14, 2015 US Dist LEXIS 73912, \*39 [SD NY, June 8, 2015, No. 13 Cv 6124 (JGK)]), the IAS court properly dismissed so much of plaintiff's claim against Birch as was based on fraud. Unlike the situation in the cases cited by plaintiff, Birch was not created to avoid Covista's obligations; on the contrary, Birch was formed one year before Covista. Moreover, plaintiff has not alleged overlapping owners or executives or offices; on the contrary, it alleges that Covista is a New Jersey corporation with its principal place of business in Tennessee and that Birch is a Delaware corporation with its principal place of business in Missouri.

The court properly dismissed the third cause of action, for lack of a contractual relationship between plaintiff and Birch (*see Sarachek v Fortgang*, 67 AD3d 887, 887-888 [2d Dept 2009]). Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.