Dritsas v Amchem Prods., Inc. (2019 NY Slip Op 01177)





Dritsas v Amchem Prods., Inc.


2019 NY Slip Op 01177


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8430 190276/15

[*1]Eleni Dritsas, etc., et al., Plaintiffs-Respondents,
v
Amchem Products, Inc., etc., et al., Defendants, ITW Food Equipment Group, LLC, etc., Defendant-Appellant.


Lynch Daskal Emery LLP, New York (Lawrence G. Lee of counsel), and Gary J. Saalman of the bar of the State of Ohio and the State of Texas, admitted pro hac vice, of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Pierre A. Ratzki of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about May 7, 2018, which, to the extent appealed from as limited by the briefs, denied defendant ITW Food Equipment Group, LLC's motion for summary judgment dismissing as against it so much of the complaint as is predicated on a de facto merger, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff seeks to hold defendant liable, as a successor to the Vulcan-Hart Corporation, for the consequences of her decedent's exposure to asbestos between 1969 and 1988 arising from his work on ovens, grills and broilers manufactured by Vulcan-Hart. Vulcan-Hart's assets were purchased in 1986 by Hobart Corporation pursuant to an asset purchase agreement, and defendant acquired Hobart Corporation's product lines and other assets in 2002.
Defendant established prima facie that there was no de facto merger between Hobart and Vulcan-Hart that would make Hobart responsible, contrary to the general rule, for Vulcan-Hart's preexisting liabilities (see Fitzgerald v Fahnestock & Co., 286 AD2d 573, 574 [1st Dept 2001]), because there was no continuity of ownership between the two corporations (see Matter of New York City Asbestos Litig., 15 AD3d 254, 258 [1st Dept 2005]; Ambac Assur. Corp. v Countrywide Home Loans, Inc., 150 AD3d 490 [1st Dept 2017]; New York v National Serv. Indus., Inc., 460 F3d 201, 215 [2d Cir 2006]; but see Lippens v Winkler Backereitechnik GmbH, 138 AD3d 1507, 1509-1510 [4th Dept 2016]). The asset purchase agreement stated that Hobart purchased Vulcan-Hart's assets for cash (see Oorah, Inc. v Covista Communications, Inc., 139 AD3d 444, 445 [1st Dept 2016]).
In opposition, plaintiff failed to raise an issue of fact as to continuity of ownership. There is no evidence in the record that any other transaction took place in which Vulcan-Hart's shareholders obtained an interest in Hobart (see Matter of New York City Asbestos Litig., 15 AD3d at 256).
Plaintiff failed to show that discovery on continuity of
ownership would be anything other than a fishing expedition (see Auerbach v Bennett, 47 NY2d 619, 636 [1979]; Oorah, 139 AD3d at 445).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK