Wiltz v New York Univ. (2023 NY Slip Op 03215)

Wiltz v New York Univ.

2023 NY Slip Op 03215

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 300046/19 Appeal No. 458-459-460-461-462-463 Case No. 2022-01616, 2022-01668, 2022-01669, 2022-01670, 2022-01671, 2022-04248 

[*1]Randall Wiltz, Plaintiff-Appellant,
v
New York University et al., Defendants-Respondents.

Randall Wiltz, Astoria, appellant pro se.
Hogan Lovells US LLP, New York (Ira M. Feinberg of counsel), for New York University, Erin Lynch, Franklin Diaz, Cushman & Wakefield, Inc., and Michael Broderick, respondents.
Jackson Lewis P.C., New York (Daniel D. Schudroff of counsel), for Collins Building Services, Inc., and Angel Perlaza, respondents.

Orders, Supreme Court, Bronx County (Wilma Guzman, J.) entered on or about September 23, 2021, which granted defendants' motions to dismiss the complaint, denied plaintiff's motion for leave to amend the complaint, and denied, sub silentio, plaintiff's motion for a default judgment against defendant Franklin Diaz, unanimously affirmed, without costs. Order, same court (Julia I. Rodriguez, J.), entered on or about November 4, 2021, which denied plaintiff's motion to compel defendants to respond to discovery demands, unanimously affirmed, without costs.
Supreme Court properly dismissed the complaint on the grounds of res judicata (claim preclusion), as plaintiff's state law claims in this case could or should have been advanced in the prior federal action (Wiltz v New York Univ., 2019 WL 8437456, 2019 US Dist LEXIS 220563 [SD NY, Dec. 23, 2019, No. 1:19-cv-03406 (GHW) (SDA)], report and recommendation adopted 2020 WL 614658, 2020 US Dist LEXIS 22866 [SD NY, Feb. 10, 2020, No. 1:19-cv-03406-GHW], appeal dismissed 2020 WL 8839487, 2020 US App LEXIS 41705 [2d Cir., Sep. 23, 2020, No. 20-878]; see Rojas v Romanoff, 186 AD3d 103, 107 [1st Dept 2020]). In his complaint in that federal action, which he interposed against defendants under various federal statutes before the United States District Court for the Southern District of New York, plaintiff asserted causes of action all based on the same operative facts as alleged in this case, and the District Court dismissed those claims for failure to state a claim upon which relief may be granted (Wiltz, 2019 WL 8437456, *6, 2019 US Dist LEXIS 220563, *16). This dismissal constituted a judgment on the merits for res judicata purposes (see Federated Dept. Stores, Inc. v Moitie, 452 US 394, 399 n 3 [1981]; McLearn v Cowen & Co., 48 NY2d 696, 698-699 & n [1979]).
That the complaints in the state and federal actions set forth different theories of recovery, and that the claims in this action were not actually raised in the federal action, does not foreclose application of the doctrine (see Wietschner v Dimon, 139 AD3d 461, 462 [1st Dept 2016], lv denied 28 NY3d 901 [2016]). Nor is this conclusion affected by the fact that the District Court declined to exercise supplemental jurisdiction over any state law claims that plaintiff may have raised in the prior federal action, since plaintiff did not actually assert any such claims in the federal action despite having a full and fair opportunity to litigate them (Wiltz, 2019 WL 8437456, *19, 2019 US Dist LEXIS 220563, *55; see e.g. Bradshaw v City of New York, 200 AD3d 553, 553 [1st Dept 2021], lv denied 38 NY3d 907 [2022]; Gropper v 200 Fifth Owner LLC, 151 AD3d 635, 635-636 [1st Dept 2017]).
Plaintiff's motion for leave to amend his complaint was properly denied since he did not provide "the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (CPLR 3025[b]; see e.g. Fernandez v HICO Corp., 24 AD3d 110, 111[*2][1st Dept 2005]). In any event, leave to amend would have been futile (see Quire v City of New York, 210 AD3d 448, 449 [1st Dept 2022]). Similarly, Supreme Court properly denied plaintiff's motion for a default judgment against defendant Diaz, as Diaz showed that the alleged service upon him was defective and that the defective service constituted a reasonable excuse for his default (see Equicredit Corp. of Am. v Campbell, 73 AD3d 1119, 1121 [2d Dept 2010]). Diaz also demonstrated the existence of a meritorious defense — namely, res judicata.
In light of the dismissal of the complaint, plaintiff's motion to compel discovery was properly denied as moot (see e.g. Flame S.A. v Worldlink Intl. [Holding] Ltd., 107 AD3d 436, 438 [1st Dept 2013], lv denied 22 NY3d 855 [2013]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023