Steffens v Wishner (2025 NY Slip Op 07328)

Steffens v Wishner

2025 NY Slip Op 07328

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-11185
 (Index No. 612178/23)

[*1]Jacqueline Steffens, appellant, 
vSteven G. Wishner, et al., defendants, NYU Langone Huntington Medical Group, et al., respondents.

Gruenberg Kelly Della (Horn Appellate Group, P.C., Brooklyn, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (Andrew L. Zwerling and Joshua M. Zarcone of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated August 16, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants NYU Langone Huntington Medical Group and NYU Langone Health System which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2023, the plaintiff commenced this action against the defendant Steven G. Wishner, the defendant Huntington Medical Group, P.C. (hereinafter HMG), and the defendants NYU Langone Huntington Medical Group and NYU Langone Health System (hereinafter together the NYU defendants) to recover damages for personal injuries pursuant to the Adult Survivors Act (ASA) (CPLR 214-j) based upon allegations that Wishner had forcibly touched and sexually abused her during a medical examination that he performed on her in the summer of 2003 (hereinafter the 2003 examination). The plaintiff alleged that at the time of the 2003 examination, Wishner was employed by HMG, and the complaint asserted causes of action to hold the NYU defendants directly liable for the negligent hiring, training, supervision, and retention of Wishner and vicariously liable for Wishner's misconduct based upon allegations that sometime after the 2003 examination, the NYU defendants acquired, merged with, or otherwise became the successor to HMG.
The NYU defendants moved, among other things, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. In an order dated August 16, 2024, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may only be granted where the documentary evidence utterly refutes the factual allegations in the complaint, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; IPA Asset Mgt., LLC v Schuman, 239 AD3d 619). To qualify as documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions, including mortgage agreements, deeds, contracts, and any other papers, the contents of which essentially are undeniable (see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874; [*2]Philips v Taco Bell Corp., 152 AD3d 806, 807).
Here, the NYU defendants' documentary evidence utterly refuted the plaintiff's allegations as to the NYU defendants' successor liability, thereby warranting dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(1). In general, a corporation that acquires the assets of another is not liable for the torts of its predecessor (see Schumacher v Richards Shear Co., 59 NY3d 239, 244-245). However, "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligation" (id. at 245).
The NYU defendants' documentary evidence demonstrated that (1) the NYU defendants did not expressly or impliedly assume HMG's tort liability, (2) HMG and the NYU defendants did not formally consolidate into a new entity, (3) HMG was not extinguished but rather survived the transaction, and (4) at the time of the conduct alleged during the 2003 examination, the ASA did not exist, such that the plaintiff's causes of action were time-barred (see e.g. Hartford Acc. & Indem. Co. v Canron, Inc., 43 NY2d 823, 825; see also Schumacher v Richards Shear Co., 59 NY2d at 245). Moreover, to the extent the complaint may be viewed as pleading a de facto merger of HMG and the NYU defendants (seeMenche v Cdx Diagnostics, Inc., 199 AD3d 678, 680-681; Bonanni v Horizons Invs. Corp., 179 AD3d 995, 999), the NYU defendants' documentary evidence refuted any such allegation (see e.g. Oorah, Inc. v Covista Communications, Inc., 139 AD3d 444, 445; City of New York v Pfizer & Co., 260 AD2d 174, 175; cf. e.g. Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 753).
Accordingly, the Supreme Court properly granted that branch of the NYU defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court