Haji-Georgi v Wishner (2026 NY Slip Op 00767)

Haji-Georgi v Wishner

2026 NY Slip Op 00767

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2025-02950
 (Index No. 608634/23)

[*1]Demetra Haji-Georgi, et al., respondents, 
vSteven G. Wishner, et al., defendants, NYU Langone Huntington Medical Group, et al., appellants.

Garfunkel Wild, P.C., Great Neck, NY (Andrew L. Zwerling and Joshua M. Zarcone of counsel), for appellants.
Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants NYU Langone Huntington Medical Group and NYU Langone Health System appeal from an order of the Supreme Court, Suffolk County (Deanna D. Panico, J.), dated January 14, 2025. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants NYU Langone Huntington Medical Group and NYU Langone Health System which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is granted.
In 2023, the plaintiff Demetra Haji-Georgi (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action against the defendants Steven G. Wishner and Huntington Medical Group, P.C. (hereinafter HMG), and the defendants NYU Langone Huntington Medical Group and NYU Langone Health System (hereinafter together the NYU defendants), inter alia, to recover damages for personal injuries pursuant to the Adult Survivors Act (CPLR 214-j) based upon allegations that Wishner forcibly touched and sexually abused the injured plaintiff during a medical examination that Wishner performed on the injured plaintiff in 2005 (hereinafter the 2005 examination). The plaintiffs alleged that at the time of the 2005 examination, Wishner was employed by HMG and that the NYU defendants were vicariously liable for Wishner's misconduct because sometime after the 2005 examination, the NYU defendants acquired, merged with, or otherwise became the successor to HMG.
The NYU defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated January 14, 2025, the Supreme Court, inter alia, denied that branch of the motion. The NYU defendants appeal.
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that the [*2]action is barred by documentary evidence may only be granted where the documentary evidence utterly refutes the factual allegations in the complaint, thereby conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; IPA Asset Mgt., LLC v Schuman, 239 AD3d 619). To qualify as documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions, including mortgage agreements, deeds, contracts, and any other papers, the contents of which essentially are undeniable (see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874; Phillips v Taco Bell Corp., 152 AD3d 806, 807).
Here, the NYU defendants' documentary evidence utterly refuted the plaintiffs' allegations as to the NYU defendants' successor liability, thereby warranting dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(1). In general, a corporation that acquires the assets of another is not liable for the torts of its predecessor (see Schumacher v Richards Shear Co., 59 NY2d 239, 244-245). However, "[a] corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations" (id. at 245).
The NYU defendants' documentary evidence demonstrated, among other things, that (1) the NYU defendants did not expressly or impliedly assume HMG's tort liability, (2) HMG and the NYU defendants did not formally consolidate into a new entity, and (3) HMG was not extinguished but rather survived the transaction (see Barth v Wishner, ___ AD3d ___, 2025 NY Slip Op 07269). To the extent the complaint may be viewed as pleading a de facto merger of HMG and the NYU defendants (see Menche v CDx Diagnostics, Inc., 199 AD3d 678, 680-681; Bonanni v Horizons Invs. Corp., 179 AD3d 995, 999), the NYU defendants' documentary evidence refuted any such allegation (see Barth v Wishner, ___ AD3d ___, 2025 NY Slip Op 07269; Aguilar v Wishner, ___ AD3d ___, 2025 NY Slip Op 07266; Steffens v Wishner, ___ AD3d ___, 2025 NY Slip Op 07328; see also Oorah, Inc. v Covista Communications, Inc., 139 AD3d 444, 445).
Accordingly, the Supreme Court should have granted that branch of the NYU defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court