■ Susan Sommers, Respondent, v Harold Sommers, Appellant. [759 NYS2d 689] —In a matrimonial action in which the parties were divorced by judgment dated April 17, 2001, entered upon the defendant's default in appearing, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated May 16, 2002, which, inter alia, denied his cross motion to vacate the judgment dated April 17, 2001, and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

Although this Court has adopted a liberal policy with respect to vacating default judgments in matrimonial actions, the opening of a default is discretionary (*see Salley v Salley*, 258 AD2d 454 [1999]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the default judgment (*see Salley v Salley, supra; Bambino v Bambino*, 261 AD2d 426 [1999]; *Sayagh v Sayagh*, 205 AD2d 678 [1994]). The defendant failed to establish a meritorious defense to the plaintiff's claims to equitable distribution. Moreover, the defendant failed to present a reasonable excuse for his failure to answer the summons until after the inquest and after the judgment of divorce was signed. The defendant's failure to explain the reason for the inordinate delay in serving an answer, which was vaguely attributed to law office failure, is insufficient to establish a reasonable excuse (*see Matter of People v BBC Props. Portfolio Corp.*, 281 AD2d 549 [2001]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.