■ Jacob Antoine, Appellant, v Gregory Damon Bee, Respondent. [812 NYS2d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated July 16, 2004, which, inter alia, denied his motion pursuant to CPLR 5105 (a) (1) to vacate an order of the same court dated June 6, 2003, granting the defendant's unopposed motion for summary judgment.

Ordered that the order dated July 16, 2004, is affirmed, with costs.

To vacate a default, a plaintiff must demonstrate a reasonable excuse for the default and the existence of a meritorious cause of action (*see Scarlett v McCarthy*, 2 AD3d 623 [2003]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]). The determination of what constitutes a reasonable excuse is left to the sound discretion of the court (*see Scarlett v McCarthy, supra*; *Holt Constr. Corp. v J & R Music World*, 294 AD2d 540 [2002]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]).

Here, the Supreme Court providently exercised its discretion in rejecting the plaintiff's proffered excuse that his counsel was engaged in settlement negotiations with the defendant's counsel (*see Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d 516, 518 [2005]; *DeRisi v Santoro*, 262 AD2d 270, 271 [1999]; *Flora Co. v Ingilis*, 233 AD2d 418, 419 [1996]). The plaintiff had already requested and been granted an adjournment to secure his physician's affidavit in order to respond to the defendant's motion for summary judgment.

In light of our determination, we need not reach the plaintiff's remaining contentions. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.