■ TERESA PAPANDREA, Appellant, v YAHAIRA ACEVEDO, Respondent. [864 NYS2d 138]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated February 11, 2008, which denied her motion for leave to enter judgment against the defendant upon

the defendant's default in appearing or answering the complaint and granted the defendant's cross motion to compel her to accept an answer.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate his or her default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate the existence of a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Krieger v Cohan*, 18 AD3d 823 [2005]). The court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005; *White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]).

In a detailed affirmation, the defendant's attorney explained that he promptly prepared an answer in response to the summons and complaint, but due to a clerical error the answer was mailed to a former address of the plaintiff's counsel. The excuse of law office failure, which was corroborated by a notarized affidavit of service indicating that the answer was timely mailed to the wrong address, constituted a reasonable excuse for the default (*see* *De Bartolo v De Bartolo*, 46 AD3d 739, 741 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630, 630-631 [2006]; *Troiano v Otsego Mut. Fire Ins. Co.*, 99 AD2d 719 [1984]). Furthermore, the defendant demonstrated that she has a potentially meritorious defense based upon the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see* *Marrache v Akron Taxi Corp.*, 50 AD3d 973, 974 [2008]; *Cruz v Calderone*, 49 AD3d 798 [2008]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment and granting the defendant's cross motion to compel the plaintiff to accept her answer. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.