■ Star Industries, Inc., Respondent, v Innovative Beverages, Inc., Doing Business as Gecko Tequila Company, et al., Appellants. [866 NYS2d 357]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated April 23, 2007, as denied that branch of their motion which was to vacate so much of a judgment of the same court entered June 22, 2005, upon their default in appearing at two scheduled conferences and answering the amended verified

complaint, as was in favor of the plaintiff and against them in the principal sum of $602,540.61, (2) from an order of the same court dated July 24, 2007, which denied their motion for leave to renew and reargue their prior motion to vacate the judgment entered June 22, 2005, and (3) from an amended judgment of the same court dated November 1, 2007, which is in favor of the plaintiff and against them in the principal sum of $578,313.74.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals from the intermediate order dated April 23, 2007, and so much of the intermediate order dated July 24, 2007, as denied that branch of the defendants' motion which was for leave to renew their motion to vacate the judgment entered June 22, 2005, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on these appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]). The appeal from so much of the intermediate order dated July 24, 2007, as denied that branch of the defendants' motion which was for leave to reargue their motion to vacate the judgment entered June 22, 2005, must be dismissed because no appeal lies from an order denying reargument.

To prevail on their motion to vacate their default, the defendants were required to demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a]; *Papandrea v Acevedo*, 54 AD3d 915 [2008]; *Vasquez v New York City Hous. Auth.*, 51 AD3d 781 [2008]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Antoine v Bee*, 26 AD3d 306 [2006]; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]), and in exercising that discretion, the court may accept law office failure as an excuse (*see* CPLR 2005; *Papandrea v Acevedo*, 54 AD3d 915 [2008]; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511 [2007]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]). However, law office failure should not be excused where there is a pattern of willful default and neglect (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]), or where allegations of law office failure are conclusory and unsubstantiated (*see Petersen v Lysaght,*

*Lysaght & Kramer, P.C.*, 47 AD3d 783, 784 [2008]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]).

Here, the Supreme Court providently exercised its discretion in rejecting the defendants' explanation for their default. The defendants' proffered excuse of law office failure did not constitute a reasonable excuse for their default (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d at 784; *Chiarello v Alessandro*, 38 AD3d at 824; *Matter of Hye-Young Chon v Country-Wide Ins. Co.*, 22 AD3d 849 [2005]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a meritorious defense (*see Levi v Levi*, 46 AD3d 519, 520 [2007]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]; *Krieger v Cohan*, 18 AD3d 823, 824 [2005]).

The defendants' remaining contentions are without merit. Rivera, J.P., Lifson, Miller and Eng, JJ., concur. [*See* 16 Misc 3d 1114(A), 2007 NY Slip Op 51421(U).]