■ MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v JAMES S. McGOWN, Appellant, et al., Defendants. [909 NYS2d 403]—

In an action to foreclose a mortgage, the defendant James S. McGown appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated February 13, 2009, which denied his motion, inter alia, to vacate an order of the same court dated April 15, 2008, granting the plaintiff's motion for the appointment of a receiver of rents for real property located at 194 South 2nd Street, Brooklyn, to vacate his default in appearing or answering the complaint pursuant to CPLR 5015 (a) (1), and to extend his time to serve an answer pursuant to CPLR 3012 (d).

Ordered that the order dated February 13, 2009, is affirmed, with costs.

The mortgage agreement at issue contains a provision which specifically authorizes the appointment of a receiver upon application by the mortgagee in any action to foreclose the mortgage. Consequently, the plaintiff, as mortgagee, was entitled to the appointment of a receiver without notice and without regard to the adequacy of the security (*see* Real Property Law § 254 [10]; *Naar v Litwak & Co.*, 260 AD2d 613, 614 [1999]; *Febbraro v Febbraro*, 70 AD2d 584, 585 [1979]). While a court of

equity may vacate the appointment of a receiver under appropriate circumstances (*see Naar v Litwak & Co.*, 260 AD2d at 614; *Clinton Capital Corp. v One Tiffany Place Devs.*, 112 AD2d 911 [1985]; *Home Tit. Ins. Co. v Scherman Holding Corp.*, 240 App Div 851 [1933]), it was a provident exercise of discretion under the circumstances of this case for the Supreme Court to deny that branch of the motion of the defendant James S. McGown which was to vacate the prior order appointing a receiver.

Moreover, "[a] defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action, when . . . moving to extend the time to answer or to compel the acceptance of an untimely answer" (*Lipp v Port Auth. of N.Y. & N.J.*, 34 AD3d 649, 649 [2006]; *see* CPLR 3012 [d]; 5015 [a] [1]; *Moriano v Provident N.Y. Bancorp*, 71 AD3d 747, 747 [2010]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306 [2006]).

Here, McGown offered no reasonable excuse for his failure to serve a timely answer in the action. His purported reliance upon alleged settlement negotiations is entirely unsubstantiated and does not constitute a reasonable excuse (*see Jamieson v Roman*, 36 AD3d 861, 862 [2007]; *Antoine v Bee*, 26 AD3d at 306; *DeRisi v Santoro*, 262 AD2d 270, 271 [1999]; *Flora Co. v Ingilis*, 233 AD2d 418, 419 [1996]). Since McGown failed to offer a reasonable excuse, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see Levi v Levi*, 46 AD3d 519, 520 [2007]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]). Accordingly, those branches of McGown's motion which were to vacate his default and extend his time to answer were properly denied. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.