■ WELLS FARGO BANK, N.A., Respondent, v RICCARDO CERVINI et al., Appellants, et al., Defendants. [921 NYS2d 643]—

In an action to foreclose a mortgage, the defendants Riccardo Cervini and Angela M. Cervini appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 2010, which granted the plaintiff's motion to confirm the referee's report and for leave to enter a judgment of foreclosure and sale against them upon their default in answering the complaint or appearing in the action, and denied their cross motion, in effect, to vacate their default in answering the complaint or appearing in the action, and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer (*see Equicredit Corp. of Am. v Campbell*, 73 AD3d 1119, 1120 [2010]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Nasca v Town of Brookhaven*, 4 AD3d 462 [2004]; *Khanna v Premium Food & Sports Enter.*, 279 AD2d 508, 509 [2001]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 891; *see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306 [2006]). In exercising its discretion in this regard, the Supreme Court "may accept law office failure as an excuse" (*Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 904; *see* CPLR 2005; *Papandrea v Acevedo*, 54 AD3d 915, 916 [2008]; *Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511 [2007]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]). "However, law office failure should not be excused . . . where allegations of law office failure are conclusory and unsubstantiated" (*Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at

904; *see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783, 784 [2008]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]).

Here, the defendants Riccardo Cervini and Angela M. Cervini (hereinafter together the defendants) failed to establish a reasonable excuse for their default in answering the complaint or appearing in the action. Their claim of law office failure is conclusory and unsubstantiated and, under the circumstances presented here, does not constitute a reasonable excuse for their ·default (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 905; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d at 784; *White v Daimler Chrysler Corp.*, 44 AD3d 651, 651-652 [2007]; *Sommers v Sommers*, 305 AD2d 662 [2003]; *compare Papandrea v Acevedo*, 54 AD3d at 916). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (*see HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 905).

Accordingly, the Supreme Court properly granted the plaintiff's motion and denied the defendants' cross motion, in effect, to vacate their default in answering the complaint or appearing in the action and for leave to serve a late answer. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.