■ BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, as Trustee for CHASE MORTGAGE FINANCE TRUST

Series 2006, Respondent, v Arif Izmirligil, Appellant, et al., Defendants. [931 NYS2d 667]—

"A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer" (*Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789 [2011]; *see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Equicredit Corp. of Am. v Campbell*, 73 AD3d 1119, 1120 [2010]; *Nasca v Town of Brookhaven*, 4 AD3d 462 [2004]; *Khanna v Premium Food & Sports Enter.*, 279 AD2d 508, 509 [2001]). " 'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court' " (*Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 789, quoting *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890; *see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]).

Here, the defendant Arif Izmirligil (hereinafter the defendant) failed to establish a reasonable excuse for his default. The Supreme Court providently exercised its discretion in rejecting the defendant's proffered excuse that he was engaged in settlement negotiations (*see Kouzios v Dery*, 57 AD3d 949, 950 [2008]; *Antoine v Bee*, 26 AD3d at 306; *Majestic Clothing Inc. v East Coast Stor., LLC*, 18 AD3d 516, 518 [2005]). Since the defendant failed to demonstrate a reasonable excuse for his default, it is

unnecessary to determine whether he demonstrated the existence of a potentially meritorious defense (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790; *HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 905).

" 'A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion' " (*Wells Fargo Bank, N.A. v Caro*, 82 AD3d 880, 882 [2011], quoting *Marrero v Crystal Nails*, 77 AD3d 798, 799 [2010]; *see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 985, 986 [2010]; CPLR 2221 [e]). Here, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew, as the allegedly "new facts" offered would not have changed the prior determination (CPLR 2221 [e] [2]).

The defendant's remaining contention is not properly before this Court. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.