■ JP Morgan Chase Bank, National Association, Respondent, v Norma Palma, Appellant, et al., Defendants. [979 NYS2d 832]—

In an action to foreclose a mortgage, the defendant Norma Palma appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered July 2, 2012, which denied her motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept her untimely answer.

Ordered that the order is affirmed, with costs.

"To compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Ryan v Breezy Point Coop., Inc.*, 76 AD3d 523, 524 [2010]; *see Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]).

Here, the appellant failed to provide a reasonable excuse for the delay in serving her answer (*see Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d at 785; *see also Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041, 1042 [2011]; *Yao Ping Tang v Grand Estate, LLC*, 77 AD3d 822, 823 [2010]; *Dorrer v Berry*, 37 AD3d 519, 520 [2007]; *Awad v Severino*, 122 AD2d 242, 242 [1986]). Since the appellant failed to offer a reasonable excuse, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense. Thus, the Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept her untimely answer (*see e.g. Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890; *Levi v Levi*, 46 AD3d 519,

520 [2007]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.