■ HSBC Bank USA, National Association, Respondent, v Jeffrey Lafazan et al., Appellants, et al., Defendants. [983 NYS2d 32]—

In an action to foreclose a mortgage, the defendants Jeffrey Lafazan and Sandra Lafazan appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered August 24,

2012, which denied their motion pursuant to CPLR 2004 and 3012 (d) to compel the plaintiff to accept their late answer.

Ordered that the order is affirmed, with costs.

"To compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Ryan v Breezy Point Coop., Inc.*, 76 AD3d 523, 524 [2010]; *see Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]).

Here, the appellants' appearance and participation, along with their counsel, at settlement conferences required for certain residential mortgage foreclosure actions (*see* 22 NYCRR 202.12-a) evinced a desire to save their home. However, such appearances do not provide a reasonable excuse for their delay in answering. At the time the first conference was held, approximately 261 days had passed since the appellants' time to answer the complaint had expired (*see* CPLR 3012 [a]). Under the circumstances of this case, the appellants' purported reliance on settlement discussions and their contention, in effect, that the plaintiff's counsel should have advised them that they were in default, do not constitute a reasonable excuse (*see Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d at 785; *see also Onewest Bank FSB v Berry*, 25 Misc 3d 1218[A], 2009 NY Slip Op 52171[U] [Sup Ct, Suffolk County 2009]). Moreover, these assertions are belied by the content and warning contained in the specialized summons served in this action to foreclose a residential mortgage (*see* RPAPL 1320). Since the appellants failed to offer a reasonable excuse, it is unnecessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (*see U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]).

Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 2004 and 3012 (d) to compel the plaintiff to accept their answer as timely. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.