In an action to foreclose a mortgage, the defendants Francisco Linares and Flora D. Linares appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated January 11, 2012, as denied their motion pursuant to CPLR 3012 (d) to extend their time to answer the complaint and to compel the plaintiff to accept service of that answer.
Ordered that the order is affirmed insofar as appealed from, with costs.
To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see CPLR 3012 [d]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647 [2014]; Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784, 785 [2011]; Ryan v Breezy Point Coop., Inc., 76 AD3d 523, 524 [2010]). “The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court” (Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890 [2010]; see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 647; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904 [2008]; Antoine v Bee, 26 AD3d 306, 306 [2006]).
Here, the Supreme Court providently exercised its discretion in determining that the appellants did not have a reasonable excuse for their lengthy delay in seeking to answer the complaint (see Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 931 [2011]; Kouzios v Dery, 57 AD3d 949, 950 [2008]). The appellants’ appearance and participation, along with their counsel, at settlement conferences required for certain residential mortgage foreclosure actions (see 22 NYCRR 202.12-a) do not provide a reasonable excuse for their delay in answering (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648). As such, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see Wells Fargo *996 Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]).
Dillon, J.E, Balkin, Miller and Maltese, JJ., concur.