■ ONE WEST BANK, FSB, Respondent, v MARTHA VALDEZ, Appellant, et al., Defendants. [8 NYS3d 419]—

In an action to foreclose a mortgage, the defendant Martha Valdez appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Rios, J.), entered May 20, 2013, which, inter alia, denied her motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept her late answer.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In April 2011, the plaintiff commenced this action to foreclose a mortgage, alleging that the defendant Martha Valdez defaulted on her payment obligations under the note secured by the mortgage. Valdez failed to timely appear or answer the complaint (see CPLR 320 [a]; 3012 [c]). In May 2012, Valdez filed an answer, which the plaintiff rejected as untimely. Subsequently, Valdez moved to dismiss the complaint insofar as asserted against her based on, among other things, lack of standing. Valdez separately moved to compel the plaintiff to accept her late answer. The Supreme Court denied the motions.

"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995 [2014]; see CPLR 3012 [d]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648 [2014]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890 [2010]; see Mannino Dev., Inc. v Linares, 117 AD3d at 995; JP Morgan Chase Bank, N.A. v Palma, 114 AD3d 645, 645 [2014]).

Here, the Supreme Court providently exercised its discretion in determining that Valdez's conclusory and unsubstantiated allegations of neglect by her prior counsel did not constitute a reasonable excuse for her delay in answering the complaint (see Wood v Tuttle, 106 AD3d 1393, 1394 [2013]; HSBC Bank USA N.A. v Wider, 101 AD3d 683, 683 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789 [2011]; Desiderio v

*Devani*, 24 AD3d 495, 496 [2005]). Since Valdez failed to offer a reasonable excuse, it is not necessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense (*see Citimortgage, Inc. v Stover*, 124 AD3d 575 [2015]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648).

Accordingly, the Supreme Court properly denied Valdez's motion to compel the plaintiff to accept her late answer (*see Citimortgage, Inc. v Stover*, 124 AD3d 575 [2015]). Valdez's remaining contentions are academic in light of this determination. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.