■ U.S. BANK NATIONAL ASSOCIATION, Respondent, v HARBINDER SINGH SACHDEV et al., Appellants, et al., Defendants. [9 NYS3d 380]—

In an action to foreclose a mortgage, the defendants Harbinder Singh Sachdev, Jagdish Kaur Sachdev, Baljit Sachdev, Harbinder Singh Sachdev and Kawaljeet Ahuja, as coguardians of Jagdish Kaur Singh Sachdev, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 27, 2013, as granted those branches of the plaintiff's motion which were to confirm a referee's report dated December 1, 2009, and for leave to enter a judgment of foreclosure and sale, and denied those branches of their cross motion which were, in effect, to vacate their default in appearing and answering the complaint, to compel the plaintiff to accept their late answer pursuant to CPLR 3012 (d), and to dismiss the complaint for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of that branch of their cross motion which was to vacate their default in appearing and answering the complaint and to compel the plaintiff to accept a late answer, the appellants were required to provide a reasonable excuse for their default and demonstrate the existence of a potentially meritorious defense to the action (*see* CPLR 3012 [d]; 5015 [a] [1]; *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789 [2011]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the

Supreme Court (*see Maspeth Fed. Sav. & Loan Assn. v Mc-Gown*, 77 AD3d 889, 890 [2010]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]).

As the Supreme Court correctly determined, the appellants failed to demonstrate a reasonable excuse for their default. Accordingly, it is not necessary to consider whether they demonstrated the existence of a potentially meritorious defense (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *JP Morgan Chase Bank, N.A. v Palma*, 114 AD3d 645, 645-646 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to confirm a referee's report dated December 1, 2009, and for leave to enter a judgment of foreclosure and sale, and properly denied those branches of the appellants' cross motion which were, in effect, to vacate their default in appearing and answering the complaint, to compel the plaintiff to accept their late answer pursuant to CPLR 3012 (d), and to dismiss the complaint for lack of standing. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.