■ BAC HOME LOANS SERVICING, LP, Formerly Known as COUNTRYWIDE HOME LOANS SERVICING, LP, Respondent, v JOHN REARDON et al., Appellants, et al., Defendants. [18 NYS3d 664]—In an action to foreclose a mortgage, the defendants John Reardon and Teresa Reardon appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 10, 2013, which granted the plaintiff's motion for leave to enter a default judgment against them upon their failure to answer the complaint and for an order of reference, and denied their cross motion, in effect, to vacate their default in answering the complaint, to compel the plaintiff to accept their late answer pursuant to CPLR 3012 (d), to dismiss the complaint insofar as asserted against them as abandoned pursuant to CPLR 3215 (c) for failure to enter judgment against them within one year of their default, and to dismiss the complaint for lack of standing, and (2) an order of the same court, also dated January 10, 2013, which, inter alia, appointed a referee to ascertain and compute the amount due to the plaintiff.

Ordered that the orders are affirmed, without costs or disbursements.

The Supreme Court properly granted the plaintiff's motion for leave to enter a default judgment against the appellants upon their failure to answer the complaint and for an order of reference. " 'On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing' " (*Dupps v Betancourt*, 99 AD3d 855, 855 [2012], quoting *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]). Here, in support of its motion, the plaintiff met all of these requirements (*see Green Tree Servicing, LLC v Cary*, 106 AD3d 691, 692 [2013]; *Dupps v Betancourt*, 99 AD3d at 855).

The Supreme Court properly denied those branches of the appellants' cross motion which were, in effect, to vacate their default in answering the complaint, and to compel the plaintiff to accept their late answer pursuant to CPLR 3012 (d). In order to prevail on those branches of the cross motion, the appellants were required to provide a reasonable excuse for their default and to demonstrate the existence of a potentially meritorious defense to the action (*see* CPLR 3012 [d]; 5015 [a] [1]; *U.S. Bank N.A. v Sachdev*, 128 AD3d 807, 807 [2015]; *Chase*

*Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789 [2011]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 889, 890 [2010]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]). Here, the appellants failed to offer any excuse for their default. Accordingly, it is not necessary to consider whether they demonstrated the existence of a potentially meritorious defense, including lack of standing (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *JP Morgan Chase Bank, N.A. v Palma*, 114 AD3d 645, 645-646 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890).

The Supreme Court providently exercised its discretion in denying that branch of the appellants' cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against them for failure to enter judgment against them within one year of their default (*see Countrywide Home Loans, Inc. v Brown*, 19 AD3d 638, 638 [2005]; *North Fork Bank v Cantico Intl.*, 284 AD2d 442, 442 [2001]; *Grajales v Freihofer Baking Co.*, 283 AD2d 608 [2001]).

The appellants' remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.