■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v JAGDESH KULDIP et al., Defendants, and SHERIFAT OLADOPO, Respondent. [25 NYS3d 653]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 6, 2014, as granted the motion of the defendant Sherifat Oladopo pursuant to CPLR 3012 (d) to extend her time to answer the complaint, and denied that branch of its cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Sherifat Oladopo pursuant to CPLR 3012 (d) to extend her time to answer the complaint is denied, and that branch of the plaintiff's cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against that defendant is granted.

"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]; see CPLR 3012 [d]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 890, 891 [2010]). Here, the defendant Sherifat Oladopo offered no reasonable excuse for her failure to timely answer the complaint (see *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 891). Since Oladopo failed to offer a reasonable excuse, it is not necessary to consider whether she demonstrated a potentially meritorious defense (see *Emigrant Bank v O. Carl Wiseman*, 127 AD3d 1013, 1014 [2015]; *HSBC Bank USA, N.A. v Rotimi*, 121 AD3d 855, 856 [2014]). Accordingly, the Supreme Court erred in granting Oladopo's motion pursuant to CPLR 3012 (d) to extend her time to answer the complaint.

The Supreme Court also erred in denying that branch of the plaintiff's cross motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Oladopo. "On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (*Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]; *see* CPLR 3215 [f]; *BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 790 [2015]). Here, in support of its motion, the plaintiff satisfied these requirements (*see BAC Home Loans Servicing, LP v Reardon*, 132 AD3d at 790; *US Bank N.A. v Dorestant*, 131 AD3d 467, 469-470 [2015]; *Dupps v Betancourt*, 99 AD3d 855, 855 [2012]). "[S]uccessful opposition to a CPLR 3215 motion for leave to enter a default judgment requires the same showing as an affirmative motion for leave to extend the time to answer," including, inter alia, demonstrating the existence of a reasonable excuse for the default (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 66 [2013]; *see Weinstein v Schacht*, 98 AD3d 1106, 1107 [2012]). In opposition to the plaintiff's cross motion, Oladopo failed to demonstrate that she had a reasonable excuse for her default (*see US Bank N.A. v Dorestant*, 131 AD3d at 470; *Allstate Ins. Co. v Austin*, 48 AD3d 720, 721 [2008]).

Oladopo's remaining contention is without merit. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.