Ibrahim Fatiha, Chiropractic, P.C., as Assignee of Marylin Lopez, Respondent,
against
Autoone Insurance Company, Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for appellant.
Fazio, Rynsky & Associates, LLP (Svetlana Sobel, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated February 11, 2016. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs.
After defendant failed to answer or appear in this action to recover assigned first-party no-fault benefits, plaintiff moved for leave to enter a default judgment. By order dated March 13, 2015, the District Court (C. Stephen Hackeling, J.) granted plaintiff's motion on default. On March 26, 2015, plaintiff served a judgment with notice of settlement on defendant, and a judgment in the principal sum of $2,898.20 was entered on May 22, 2015. On July 13, 2015, defendant moved to vacate the default judgment. Plaintiff opposed the motion. By order dated February 11, 2016, the District Court (C. Stephen Hackeling, J.) denied defendant's motion. 
A defendant seeking to vacate a default in appearing or answering based on excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, defendant proffered an affidavit by its [*2]claims examiner, who merely stated that he was supposed to forward the summons and complaint to defense counsel, but did not, and "it was a mistake." The claims examiner explained defendant's default in opposing plaintiff's motion for leave to enter a default judgment by stating that plaintiff's motion had not been scanned into defendant's file system until the date the motion was returnable, and that it was forwarded to defense counsel the following day. Under the circumstances presented, we find that defendant failed to establish a reasonable excuse for its default (see Herrera v MTA Bus Co., 100 AD3d 962 [2012]). Consequently, it is unnecessary to determine whether defendant demonstrated the existence of a potentially meritorious defense to the action (see Diederich v Wetzel, 112 AD3d 883 [2013]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789 [2011]).
Accordingly, the order is affirmed.
Marano, P.J., and Iannacci, J., concur.
Garguilo, J., taking no part.
Decision Date: May 23, 2017