Bank of Am., N.A. v Welga (2018 NY Slip Op 00270)





Bank of Am., N.A. v Welga


2018 NY Slip Op 00270


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-02081
 (Index No. 18506/13)

[*1]Bank of America, N.A., respondent, 
v
Brian Jonathan Welga, et al., appellants, et al., defendant.


Lester & Associates, P.C., Garden City, NY (Roy J. Lester and Gabriel R. Korinman of counsel), for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated July 28, 2015. The order denied the motion of the defendants Brian Jonathan Welga and Tara Welga to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction or, in effect, to vacate their default in answering the complaint and for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action in July 2013, alleging that the defendants Brian Jonathan Welga and Tara Welga (hereinafter together the defendants) failed to make certain required payments. It is undisputed that the defendants defaulted in answering the complaint. In January 2014, the defendants served an answer, which the plaintiff rejected as untimely. Subsequently, the defendants moved to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction or, in effect, to vacate their default in answering the complaint and for leave to serve a late answer. The Supreme Court denied the motion, and the defendants appeal.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). Here, contrary to the defendants' contention, their submissions were insufficient to rebut the presumption of proper service pursuant to CPLR 308(1) and (2). Therefore, the Supreme Court properly denied that branch of their motion which was to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction.
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 2004, 3012[d]; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 969; One West Bank, FSB v Valdez, 128 AD3d 655, 655; Citimortgage, Inc. v Stover, 124 AD3d 575, 576; Chase Home Fin., LLC v Minott, 115 AD3d 634; [*2]Community Preserv. Corp. v Bridgewater Condominiums, LLC, 89 AD3d 784; Taddeo-Amendola v 970 Assets, LLC, 72 AD3d 677). " The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648, quoting Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890).
Here, the defendants failed to demonstrate a reasonable excuse for their default. In light of the defendants' failure to offer a reasonable excuse, it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648; U.S. Bank N.A. v Stewart, 97 AD3d 740; see also HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 567).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, to vacate their default in answering the complaint and for leave to serve a late answer.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court