Deutsche Bank Natl. Trust Co. v Saketos (2018 NY Slip Op 00822)





Deutsche Bank Natl. Trust Co. v Saketos


2018 NY Slip Op 00822


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-00164
 (Index No. 22909/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Aristides Saketos, et al., appellants, et al., defendants.


The Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for appellants.
Adam E. Mikolay, P.C., East Meadow, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 4, 2015. The order denied the motion of the defendants Aristides Saketos, Athanasios Saketos, and Vasilis Saketos, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate a judgment of foreclosure and sale of that court dated September 3, 2014, entered upon their default in answering the complaint, for leave to serve a late answer, to cancel certain interest, costs, and fees, and to enjoin the foreclosure sale of the premises.
ORDERED that the order is affirmed, with costs.
In September 2009, the plaintiff commenced this action to foreclose a mortgage, alleging that the defendants Aristides Saketos, Athanasios Saketos, and Vasilis Saketos (hereinafter collectively the defendants) failed to make payment in accordance with the terms of the mortgage. The defendants defaulted in answering the complaint. Thereafter, a judgment of foreclosure and sale was entered in favor of the plaintiff and against the defendants. In August 2015, the defendants moved, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale, for leave to serve a late answer, to cancel certain interest, costs, and fees, and to enjoin the foreclosure sale of the premises. In support, the defendants argued that the plaintiff failed to serve Vasilis Saketos with process. Alternatively, the defendants argued that they were entitled to a discretionary vacatur based upon the negligence of prior counsel in failing to interpose an answer on their behalf and the proffered defenses of lack of standing and the plaintiff's alleged failure to mail a notice of default in accordance with the provisions of the mortgage. The Supreme Court denied the motion without a hearing, and the defendants appeal.
"A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Hamilton Pub. Relations v Scientivity, LLC, 129 AD3d 1025, 1025). Where a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015(a)(4) and alternatively seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1) (see Canelas v Flores, 112 AD3d 871; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d [*2]896, 896-897).
Contrary to the defendants' contention, they did not demonstrate their entitlement to vacatur of the judgment of foreclosure and sale based upon lack of personal jurisdiction over Vasilis Saketos. "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 896-897). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d at 923; see Scarano v Scarano, 63 AD3d 716, 716). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631).
Here, the process server's affidavit of service established, prima facie, that Vasilis Saketos was served with process pursuant to CPLR 308(4), and the affidavit of Vasilis Saketos was insufficient to rebut the prima facie showing of proper service (see 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 846). The additional affidavit submitted by Vasilis Saketos was improperly submitted for the first time in reply (see Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 733; Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 111 AD3d 776, 777).
Furthermore, the defendants were not entitled to a discretionary vacatur pursuant to CPLR 5015(a)(1), as they failed to set forth any reasonable excuse for their default. "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890; see Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; JP Morgan Chase Bank, N.A. v Palma, 114 AD3d 645, 645). Here, the Supreme Court providently exercised its discretion in determining that the defendants' conclusory and wholly unsubstantiated allegations of neglect by their prior counsel did not constitute a reasonable excuse for their failure to answer the complaint (see One W. Bank, FSB v Valdez, 128 AD3d 655, 655; HSBC Bank USA N.A. v Wider, 101 AD3d 683, 683; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 789; Desiderio v Devani, 24 AD3d 495, 496). Since the defendants failed to offer a reasonable excuse, it is not necessary to consider whether they sufficiently demonstrated the existence of a potentially meritorious defense (see One W. Bank, FSB v Valdez, 128 AD3d at 655; Citimortgage, Inc. v Stover, 124 AD3d 575; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648).
The defendants' contention that they were entitled to relief pursuant to CPLR 317 is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the defendants' motion to vacate the judgment of foreclosure and sale, for leave to serve a late answer, to cancel certain interest, costs, and fees, and to enjoin the foreclosure sale of the premises.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court