Aurora Loan Servs., LLC v Movtady (2018 NY Slip Op 07085)





Aurora Loan Servs., LLC v Movtady


2018 NY Slip Op 07085


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-06393
2016-06396
 (Index No. 4448/10)

[*1]Aurora Loan Services, LLC, respondent,
v
Victoria Movtady, appellant, et al., defendants.


Rubin & Licatesi, P.C., Garden City, NY (Amy J. Zamir of counsel), for appellant.
Sandelands Eyet, LLP, New York, NY (William C. Sandelands and Laurence P. Chirch of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Victoria Movtady appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated March 11, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied the cross motion of the defendant Victoria Movtady, in effect, to vacate her default in answering the complaint, to compel the plaintiff to accept a late answer pursuant to CPLR 3012(d), and to dismiss the complaint insofar as asserted against her for lack of standing and failure to comply with RPAPL 1304. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the first order is dismissed, as the portions of the first order appealed from were superseded by the second order; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this residential mortgage foreclosure action in March 2010 against Victoria Movtady (hereinafter the defendant), among others, alleging that she defaulted in making payments under the terms of a consolidated note and mortgage. After the defendant defaulted in answering the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant opposed the motion and cross-moved, in effect, to vacate her default in answering the complaint, to compel the plaintiff to accept a late answer pursuant to CPLR 3012(d), and to dismiss the complaint insofar as asserted against her for lack of standing and failure to comply with RPAPL 1304. In two orders, both dated March 11, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see CPLR 3215[f]; Citimortgage, Inc. v Chow Ming Tung, 126 AD3d 841, 843). Here, on its motion, the plaintiff satisfied these requirements (see HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944; U.S Bank N.A. v Wolnerman, 135 AD3d 850, 851; Deutsche Bank Natl. Trust Co. v Otano, 129 AD3d 770, 771). Similarly, the plaintiff established its entitlement to an order of reference (see RPAPL 1321; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 816; Bank of N.Y. v Alderazi, 99 AD3d 837, 838).
To successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action (see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1195; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see U.S. Bank N.A. v Sachdev, 128 AD3d 807, 807; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890). Here, in opposition, the defendant failed to demonstrate the existence of a reasonable excuse for her default. Since the defendant failed to establish a reasonable excuse for her default in answering the complaint, it is unnecessary to consider whether she established the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1304.
Similarly, to extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see CPLR 3012[d]; Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d at 891). Here, since the defendant failed to demonstrate a reasonable excuse for her default, it is not necessary to determine whether she demonstrated a potentially meritorious defense (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648; JP Morgan Chase Bank, N.A. v Palma, 114 AD3d 645, 645-646; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d at 890).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denying the defendant's cross motion.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court