U.S. Bank Trust N.A. v Valdez (2024 NY Slip Op 51212(U))

[*1]

U.S. Bank Trust N.A. v Valdez

2024 NY Slip Op 51212(U)

Decided on September 3, 2024

Supreme Court, Kings County

Genovesi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 3, 2024
Supreme Court, Kings County

U.S. Bank Trust National Association, 
 NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE TRUMAN 2021 SC9 TITLE TRUST, Plaintiff,

against
Rafael Valdez; YSMELDA Y. VALDEZ; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; QUICKSILVER CAPITAL LLC; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, 
 "JOHN DOE No.1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, Defendants.

Index No. 534697/2022

For Plaintiff
Franklin Kuan Chiu, Esq. 
Friedman Vartolo LLP 
1325 Franklin Avenue, Suite 230, Garden City, NY 11530
For Defendants
Mario Quinton Fitzgerald, Esq. Brooklyn Legal Services
105 Court Street, 4th Floor, Brooklyn, NY 11201

Carolyn Mazzu Genovesi, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers Numbered
Notice of Motion, Affidavits, Affirmations,
Exhibits and Memorandum of Law (MS # 1) 
31-46
Affirmation in Opposition 
48
Memorandum of Law in Reply, Affirmation
And Exhibits 
50-53
This is an action to foreclose a mortgage, which was commenced by filing a summons and complaint on November 29, 2022. Defendants Rafael and Ysmelda Valdez ("moving defendants") do not dispute that they were served in 2022. The moving defendants moved, on July 19, 2024, for leave to file late answers (MS # 1).
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action." Bank of Am., N.A. v. Viener, 172 AD3d 795, 796 (2d Dep't 2019). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court." HSBC Bank USA, Nat. Ass'n v. Lafazan, 115 AD3d 647 (2d Dep't 2014) quoting Maspeth Fed. Sav. & Loan Assn. v. McGown, 77 AD3d 889, 890 (2d Dep't 2010).
The moving defendants allege because their native language is Spanish, that the language barrier prevented them from answering the complaint and should be considered as a reasonable excuse for their failure to file a timely Answer. However, the affidavits of the moving defendants demonstrate that they were involved in the process of the foreclosure, understood the issues, and knew well that the matter was a foreclosure case. The court finds that the moving defendants provide that they appeared at settlement conferences numerous times, which was mostly discussed in English, but that because of the language difficulties, they misunderstood what the purpose was and believed it was a process to fill out a loan modification and not the first step in a court case. Therefore, according to them, they didn't seek further advice or understand that they were to file an Answer to the complaint. Moreover, the defendant Ysmelda Satana provided that she speaks English but is not fluent. The court finds this fact is enough to demonstrate that she was able to understand the gravity of the need to seek assistance or file an Answer. Further, the [*2]court finds that there was no proof of any loan modification application from the settlement conference. Moreover, the moving defendants were fluent enough in English to understand enough to appear for settlement conferences numerous times. Here, the moving defendants also had a previously discontinued foreclosure action that they appeared in, with private counsel. The court finds the defendants were well aware of the serious nature and need to respond to the Complaint.
Additionally, the moving defendants represent that even though they do not fully understand English they received foreclosure advice from a housing counselor at Cypress Hills Local Development Corp., with a Spanish interpreter and thereafter still did not seek to understand the status of the foreclosure matter. Subsequently, defendant Santana admits that she spoke to an attorney at Brooklyn Legal Services with a Spanish interpreter, who explained that she needed to file an answer, but that she did not "understand what he meant by an answer." The court finds these assertions to be purposefully ignoring the law and therefore not a reasonable excuse. Additionally, it was unclear whether the affidavits were written in Spanish and translated or whether the moving defendant's sworn statements were prepared by counsel and read to the moving defendants in Spanish leading the court to further find the statements are conclusory.
Moreover, the assertion that the moving defendants are not fluent in English is "merely an extension of the argument that the moving defendant lacked understanding of the legal process, which [is] insufficient to demonstrate a reasonable excuse" for failing to timely answer. Wells Fargo Bank, National Association v. Hyun Jung Kim, 189 AD3d 1673, 1674 (2d Dep't 2020). In light of the moving defendants' failure to provide a reasonable excuse, the Court need not consider whether the moving defendants demonstrated a potentially meritorious defense. Id. According, it is
ORDERED that motion for leave to file late answers (MS #1) is DENIED.
This constitutes the Decision and Order of the Court
E N T E R
Hon. Carolyn Mazzu Genovesi